NIOHOLLS, J.
This is a petitory action in which the plaintiffs, David R. Bettison et al., sue for the recovery of certain lands in Avoyelles parish described in the petition. The plaintiffs claim the property by right of inheritance from Mrs. Elizabeth S. Bettison, widow of Thomas G. Bettison, who it is alleged had acquired it by valid title from Thomas P. Frith. This property is alleged to be in illegal possession of the Avoyelles. Land & Improvement Company, Limited, and Pierre Louis Escude, who refuse to deliver it to the plaintiffs, though they have no legal title to it. Right to sue for damages and for timber cut and removed from the property by the defendants is reserved.
There were two exceptions filed: (1) Of misjoinder of parties defendant. (2) That there is no authority shown on the part of' the married women named in said petition to prosecute the suit and stand in judgment.. These exceptions were overruled.
*499 Defendants, reserving rights under the exceptions, filed the following answer:
(1) General denial.
(2) Denial that Mrs. Eugenia Bettison and Mrs. Gunstream ever qualified in any capacity that would authorize them to represent the two separate sets of minors named.
(3) Urged that the pretended donation from Thomas P. Frith to Mrs. E. S. Bettison was null and void; but, if upheld as a donation, the same did not embrace and convey any part of section 25, township 1 S., range 5 E., .nor of section 30, township 1 S., range 6 E.
(4) That respondents were vested with a valid and just title to the property in question. On these issues the case was tried resulting in ,a judgment by the district court rejecting plaintiffs’ demand and recognizing the title of defendants.
On the 5th of September, 1867, Thomas G. Bettison, by act before Generes, notary public, sold to William Hebert certain real estate in the parish of Avoyelles. The things sold were placed under different headings. (1)The plantation on which Thomas G. Bet-tison then resided situated on both sides of Bayou Choupique composed of the following described parcels of land:
(1) The S. E. :>4 of section 18, township 1 S.,of range 5 E., containing 160 acres, more or less.
(2) The N. % of section 19, township 1 S., of range 5 E., and containing 320 acres and 50/ioo of an acre, more or less.
(3) The S. E. % of S. E. % of section 19, township 1 S., of range 5 E., and containing 80 acres, more or less.
(4) The S. E. % of S. E. % of section 13, township 1 S., of range 4 E., containing 80 acres, more or less.
The whole making in one tract 640go/ioo acres, more or less. Also the three following described tracts of land, joining each other and situated on or near Bayou Choupique, and on the south and west of said bayou.
(1) The N. W. % of section 25, township 1 S.,of range 5 E., containing 162eo/100 acres, less 40 acres sold in 1861 to Alexandria Plauche, - leaving in said tract 1228°/ioo acres more or less.
(2) The 8. E. % of section 25, township 1 S.,of range 5 E., and containing 122 acres, more or less.
(3) The N. % of the S. W. %, section 30, township 1 S., of range 6 E., containing 843i/ioo acres, making in the three' above tracts the quantity of 379 acres and 11/100 of an acre, more or less.
On the 3d of April, 1869, the same property was seized and sold by the sheriff of the parish of Avoyelles under a writ of fi. fa. to him directed from the district court for that parish.
At that sale T. P. Frith became the ad-judicatee for the price of $3,570. This sale was recorded in the sheriff’s sales book of the parish as appears, by certificate of the clerk of court of date 20th of September, 1876. On the 1st of March, 1877, by act before Ewell, notary public, Thomas P. Frith, in and for the parish of Avoyelles, made a donation inter vivos to Mrs. Elizabeth Susan Rutledge, widow of Thomas G. Bettison, of property described, in the act as:
“The following described tract or parcel of land situated in this parish lying and being on Bayou Choupique and described, as being the remainder or unsold portion of the original Bettison tract acquired by the said donor at sheriff’s sale and containing two hundred and eighty three acres, more or less.”
In this act it was recited that the donation was made for the reason that the donor had by the sale of a portion of the said original tract or portion of land reimbursed himself in the actual cash by him paid for said tract or acre of land, and the further reason that the said Mrs. Bettison is very poor and in destitute circumstances.
This act of donation appears from a certificate of the clerk of court of Avoyelles parish of date of the 26th of October, 1906, to have been recorded in the Conveyance *501 Book P-P, at page 669 of the records of that parish.
On the 8th of February, 1896, by act before Alfred E. Gremillon, notary, the heirs of Thomas P. Frith sold to Cooney B. Fisher all their right, title, and interest in and to 400 acres of swamp land in the parish of Avoyel-les described as the N. E. % and the S. E. % of section 25, township 1 S., range 5 E., and the N. % of S. W. % of section 30, township 1 S., range 6 E.
On the 18th of July, 1896, by act before Hewes-Gurley, notary, Oooney B; Fisher sold without warranty of any kind, and only such rights as he had to the Fisher Land & Improvement Company, a number of tracts of land, among those the N. W. % and S. E. %, section 25, township 1 S., range 5 E., and N. % of S. W-. % of section 30, township 1 S., range 6 E., containing 400 acres.
On the 29th of November, 1901, by act before Frederic Marx, notary, the Fisher Land & Improvement Company sold to the Avoyel-les Land & Improvement Company (one of the defendants) among other properties the S. W. U and the S. % of the E. % of section 30, township 1 S.,- range 6 E., and the N. W. % and the S. E. % and the S. % of the S. W. of section 25.
On the 2d of December, 1902, by- act before Gremillon, notary, the Avoyelles Land & Improvement Company sold to Casamir P. Cou-villon the N. y2 of the S. W. % of section 30, in township 1 S., range 6 E., containing 80 acres, more or less.
On the 16th of October, 1905, Casamir P. Couvillon sold among other privileges to Pierre Lóuis Escude the N. E. % of the S. W. % of section 25 in township 1 S., range 5 E., also the N. % of the S. W. %, and the N. E. % and the S. E. % of the N. W. % of section 30.
We have seen that on the 1st of March, 1876, T. P. Frith made a donation to the widow of Bettison. Prior to that date Frith is shown to have made the following sales: On January 5, 1875, 63.20 acres to Eugene V. Lacour. On December 23, 1876, 115 acres to Jean Pierre Lacour, and on the same day, December 23, 1876, 67.36 acres, making a total of 245 acres. After the donation to her, Mrs. Bettison, who was represented in the act of donation as being in necessitous circumstances, sold at various times to different parties 310 acres of land.
A certificate from the assessor of Avoyelles was filed in evidence showing that he had examined the tax rolls of the parish from the year 1880, arid he had failed to find where Mrs. Bettison or her estate was assessed for any portion of section 25, township 1 S., range 5 E., and section 30, township 1 S., range 6 E.
Extracts from the assessment rolls for the different years after 1880, down to the sale from the Frith heirs to C. B. Fisher, indicate that the properties claimed by the plaintiffs during that period were assessed to the estate of T. P. and S. A." Frith.
Defendants’ counsel-in their brief says:
“The sales made by Mrs. Bettison were all made of land described in the original Bettison tract, in sections 18 and 19 of Bayo.u Chou-pique. After she came into possession she sold out of sections 18 and 19 310 acres of land. The acts of sale were offered in evidence for the purpose of showing the number of acres sold and where located. There was also evidence offered showing that Mrs. Bettison was still assessed for 80 acres of land in section 13, a part of the original Bettison tract. Now, if we add what Frith sold, 245.56 acres, to what Mrs. Bettison sold, 310 acres, with the 80 acres she was still assessed for, we find this foots up 635.56 acres. Mrs. Bettison. or her heirs never took possession of, nor laid claim to any other land than that found in sections 13, 18,- and 19 of the original place. The acreage sold by Frith and Mrs. Bettison corresponds with the Bettison home place. There is only five acres difference. Could plainer proof of their intention be manifest? In the donation she is given 283 acres, more or less. She actually received and sold 390 acres. By what method of calculation can it be now contended that this act of donation can be stretched to embrace the tract of swamp land containing 380 acres? To do this would give her a total of 770 acres, instead of the 283 acres named in the donation.
“We have now clearly established as evidencing the intention of the parties the number of acres expressed in the donation correspond *503 ing with the number of acres taken possession of by the donee and her heirs, and we have still another conclusive fact of the intention of said parties appearing on the assessment rolls.
“These certificates, taken in connection with the testimony of the surveyor O. P. Oouvillon, is conclusive that the Erith estate was continuously assessed for this land in dispute from 18S0 down to the time of their sale to O. B. Eisher, and there is in evidence a certificate showing that Mrs. Bettison nor her heirs were ever assessed for any part of the land in sections 25 and 30 from the date of the donation to the present date. Had she or the heirs been serious in making any claim to this property, they would scarcely have remained silent from 1877 to 1895, a period covering 20 years’ silence without making known their claim, and permitting the Erith estate to pay the taxes during the entire period. And O. B. Fisher and his subsequent vendees to have paid the taxes for another 10 years, covering an entire period of 30 years’ silence.”
The present suit was instituted on the 3d of February, 1906. An examination of the evidence adduced satisfies us that the donation to Mrs. Bettison was limited to lands “contained in the original Bettison tract” which remained unsold at the time of the donation, which donation was supposed to contain 283 acres, more or less. Were plaintiffs in this case adjudged to be the owners of the land claimed by them in this suit, they would have obtained from the donation a quantity of land greatly beyond that donated. Plaintiffs ignore the words in the original Betti-son tract, contained in the act of donation, and the reference made to the quantity mentioned as that which the donation was to cover. There is no equity in the plaintiffs’ claim; they do not claim to hold under Erith by and through a sale made to their mother for a price, but under a pure gratuity The terms of the donation should not be extended for their benefit, unless supported by very strong evidence. In this case they not only do not produce such evidence, but, on the contrary, the defense has negatived their pretensions. If they had, in fact, any just claim to these properties by reason of any uncertain or ambiguous expressions in the act of donation to their mother, they should have acted on them before third parties had acquired rights, and the heirs of their donor-should have become exposed to responsibility to their vendee under the warranty clause of their act of sale.
We are of the opinion that the judgment, appealed from is correct; and it is hereby-affirmed.